UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBIN LOVE,                                    )
                                               )
                  Plaintiff,                   )
                                               )
            v.                                 )        No. 1:23-cv-00281-SEB-MKK
                                               )
LEL HOME SERVICES, LLC,                        )
                                               )
                  Defendant.                   )

**ORDER ON PENDING MOTIONS**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's

Amended Complaint [Dkt. 15].  Plaintiff Robin Love has brought this action against her

former employer, Defendant LEL Home Services, LLC ("LEL"), alleging that she was

unlawfully terminated from her employment because of her color and in retaliation for

having engaged in statutorily protected activity, all in violation of Title VII of the Civil

Rights Act of 1964.  For the reasons detailed below, we <u>GRANT</u> Defendant's motion to

dismiss.[1]

**<u>Factual Background</u>**

Ms. Love alleges that she is a "light skinned African American woman" and that

she began working for LEL in January 2020 as the company's accounting manager.  Am.

Compl. ¶¶ 3, 5.  Ms. Love performed her job well and was twice promoted, first to the

---

[1] Defendant's Motion to Dismiss Plaintiff's original complaint [Dkt. 10] and Defendant's Motion
to Strike Plaintiff's response in opposition to that motion [Dkt. 14] are both <u>DENIED AS MOOT</u>.

position of accounting director and again as the vice-president of business services, effective January 1, 2022.  *Id.* ¶¶ 6, 7.

On January 31, 2022, Ms. Love complained to LEL's CEO that the owner of the company had harassed her and was creating a hostile work environment.  Ms. Love informed the CEO that if the owner continued to harass her, she would be forced to contact an attorney.  *Id.* ¶¶ 8, 9.  LEL's CEO responded by saying that there was "nothing he could do about harassment."  *Id.* ¶ 10.  On February 1, 2022, LEL's CEO informed Ms. Love that she was being terminated "because he had lost the fight with Defendant's Owner."  *Id.* ¶ 11.  According to Ms. Love, "[d]arker skinned African American employees engaged in similar or wors[e] conduct than Plaintiff and they weren't terminated."  *Id.* ¶ 12.

Ms. Love filed her complaint alleging employment discrimination and retaliation on February 15, 2023 and amended her complaint on May 25, 2023.  LEL's motion to dismiss for failure to state a claim is now fully briefed and ripe for ruling.

## Legal Analysis

### I.   Motion to Dismiss Standard

In resolving a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all "well-pleaded factual allegations" in the Complaint and draws all ensuing inferences in favor of the non-movant.  *Lake v. Neal,* 585 F.3d 1059, 1060 (7th Cir. 2009). Regarding the legal sufficiency of the claims, the Court asks "whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Court focuses on the well-pleaded facts, as

opposed to conclusory statements or "threadbare recitals of the elements of a cause of action," in an effort to determine whether the factual averments "permit the court to infer more than the mere possibility of misconduct." *Id.*

## II.   Discussion

### A.  Title VII Discrimination Claim

To allege a discrimination claim under Title VII, a plaintiff "must advance plausible allegations that she experienced discrimination because of her protected characteristics."[2] *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citation omitted).  Here, Ms. Love has failed to state a plausible claim for color discrimination, having alleged no facts beyond "mere labels and conclusions" and "a formulaic recitation of the elements" of a cause of action to support the inference that she was discriminated against *because of* her color.  *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).  Ms. Love has alleged merely that prior to her termination of employment she was "harassed" and subjected to a "hostile work environment" by her boss, that "darker skinned African American employees engaged in similar or wors[e] conduct than Plaintiff and they weren't terminated," and that she was

---

[2] We note that Ms. Love's attorney, Amber Boyd, in the standard of review section of her response brief has relied exclusively on cases predating May 2007, which is to say, decisions that precede *Twombly* and *Iqbal*.  Ms. Boyd has previously been advised in a ruling out of the Northern District of Indiana that citation to such cases is inapposite given that they do not reflect current pleading requirements set forth in *Twombly* and *Iqbal* directing that a plaintiff must frame a plausible claim based on legally sufficient facts.  *See, e.g.*, *Ivens v. GK North Childcare Corp.*, No. 3:21-CV-705 DRL-MGG, 2022 WL 602913, at *2 (N.D. Ind. Mar. 1, 2022).

told she was terminated because LEL's CEO "lost the fight with Defendant's Owner."

Am. Compl. ¶¶ 8, 11, 12.

Thus, Ms. Love has included no facts whatsoever as to the nature of the harassment or hostile work environment she allegedly experienced or the treatment other employees received or any facts regarding the "fight" between the CEO and owner that purportedly resulted in her termination. Accordingly, the Complaint lacks sufficient facts to support a plausible inference to establish that the treatment she received was in any way connected to or based on her color. Without any such facts supporting such a connection, Ms. Love's summary conclusion that she was discriminated against and ultimately terminated because she is a "light skinned African American woman" cannot survive dismissal. As the Seventh Circuit recently held: "It is not enough for the complaint to observe only that federal law prohibits adverse employment actions on those grounds. There must be some *facts* that make the wrongful discharge contention plausible." *Kaminski*, 23 F.4th at 776. Having failed to satisfy this standard regarding her Title VII discrimination claim, this part of Ms. Love's complaint must be dismissed.

### B. Title VII Retaliation

Ms. Love likewise has failed to state a plausible Title VII retaliation claim. Under Seventh Circuit law, complaints "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (citation omitted). To constitute protected expression, the plaintiff's complaint to her employer must indicate that discrimination has "occurred because of sex, race,

national origin, or some other protected class." *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 563 (7th Cir. 2007) (quotation marks and citation omitted).

Here, Ms. Love has alleged only that she complained to LEL's CEO about undefined "harassment" and a "hostile work environment," stating that, if it continued, she would contact an attorney.  Am. Compl. ¶¶ 8–9.  Seventh Circuit law holds, however, that "[m]erely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006).  Ms. Love alleges neither that she specifically complained that she had been harassed because of a protected characteristic, nor do the proffered facts support such an inference that might render her retaliation claim plausible.  Accordingly, Ms. Love's Title VII retaliation claim must be dismissed for failure to state a claim.

## III.   Conclusion

For the reasons detailed above, Defendant's Motion to Dismiss [Dkt. 15] is <u>GRANTED </u>without prejudice.[3]  Defendant's Motion to Dismiss [Dkt. 10] and Motion to Strike [Dkt. 14] are <u>DENIED AS MOOT</u>.

Plaintiff is allowed <u>forty (40) days</u> from the date of this order within which to file a second amended complaint that cures the deficiencies identified herein, if possible.  A

---

[3] We are not persuaded by Defendant's contention that Plaintiff is alleging claims in this litigation beyond the scope of her EEOC charge and the dismissal should therefore be with prejudice.

failure to do so will result in an entry of final dismissal, meaning she will lose her lawsuit for good.

IT IS SO ORDERED.

Date: _____11/6/2023_____          _Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Amber K. Boyd
Amber K. Boyd Law
amber@amberboydlaw.com

Matthew R. Gutwein
DELANEY & DELANEY LLC
mgutwein@delaneylaw.net

Alexander James Pantos
DeLaney & Delaney
apantos@delaneylaw.net